IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| PATRICE BOOTHE as next friend of K. C. ) ) ) ) Plaintiffs, ) ) v. ) ) WHEELING POLICE OFFICER ) SHERMAN (Star #155), THE VILLAGE ) OF WHEELING, TOWNSHIP HIGH ) SCHOOL DISTRICT 214 and UNKNOWN ) DISTRICT 214 EMPLOYEES ) ) ) Defendants. ) ) | No: 1:13-cv-7228<br><br><br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES Plaintiff, by and through her attorneys, Mary J. Grieb and Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

4. Patrice Boothe is a United States citizen who resides in the Northern District of Illinois, County of Cook. Patrice Boothe is the mother of K.C.

5. K.C., a minor, has resided at all relevant times in the Northern District of Illinois, County of Cook. Plaintiff Coffie was 15 years old at the time of the incident.

6. Defendant Wheeling Police Officer Sherman (Star #155) (referred to herein as "Defendant Officer") is a present or former employee of the Village of Wheeling Police Department and Defendant Township High School District 214. The Defendant Officer engaged in the conduct complained of while on duty and in the course and scope of his employment and under color of law. Defendant Officer is sued in his individual capacity.

7. Defendant Village of Wheeling is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officer. At all times relevant hereto, Defendant was acting under the color of law and within the scope of his employment with Defendant Village of Wheeling.

8. Defendant Township High School District 214 is, according to its own website, "the second largest high school district in Illinois, comprised of six high schools and three alternative programs with enrollment for the 2009-2010 school year at approximately 12,300 students." At all times relevant hereto, Defendant was acting under the color of law and within the scope of his employment with Defendant Township High School District 214.

9. Defendant Unknown Township High School District 214 Employees are present or former employees of Township High School District 214. Defendants engaged in the conduct complained of in the course and scope of their employment and under color of law.

## BACKGROUND

10. On or about October 11, 2012, K.C. was attending Wheeling High School located at 900 S. Elmhurst Rd. Wheeling, Illinois 60090.

11. On that day, at Wheeling High School, Defendant Officer Sherman, the on-duty police officer at the high school, approached K.C., grabbed her arms and pulled her away from the school cafeteria toward a hallway.

12. K.C. complied with Defendant's request.

13. Defendant Sherman continued to escort K.C. to the hallway.

14. While still holding K.C.'s arms behind her back, Defendant Sherman then intentionally tripped K.C. causing her to fall face first onto the ground.

15. Defendant then kneeled on K.C.'s back and handcuffed her hands behind her back.

16. K.C. was not resisting at any time.

17. As a result of Defendant Sherman's conduct, K.C. sustained injuries to her back and ribs.

18. K.C. ultimately underwent six months of physical therapy.

19. K.C. continues to experience pain in her lower back.

20. Immediately following the incident, K.C. was taken to the Wheeling police station and detained for several hours.

21. Defendant Sherman charged K.C. with disorderly conduct, mob-action, and resisting arrest.

22. On October 12, 2012, K.C.'s mother, Patrice Boothe, along with Defendant Sherman, Dean Williams and K.C.'s aunt, Sandra Coffie, viewed two surveillance videos at the school.

23. The video footage viewed captured the arrest and take-down of K.C.

24. The same day, Ms. Boothe filed a FOIA request with Defendant Township High School District 214 to preserve the videos.

25. On October 17, 2012, the District issued a response to Boothe's FOIA request refusing to produce it because other minors were depicted on the footage.

26. On January 22, 2012, the judge presiding in the Criminal Court of Cook County entered an order requiring the school to release the footage to K.C.'s criminal defense attorney.

27. Although a Supplemental report, written by Wheeling Police Department Sergeant Benbow on October 19, 2012, revealed the existence of four videos, only two were produced to K.C.

28. Upon information and belief, portions of the video footage were altered and/or destroyed.

29. The missing video footage may have contained exculpatory evidence for K.C.

30. The charges against K.C. are pending.

## COUNT I

### 42 U.S.C. § 1983 – Excessive Force

31. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

32. Defendant Officer Sherman inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

33. When inflicting violence upon Plaintiff, Defendant Officer Sherman was acting "under color of state law."

34. The actions of Defendant Officer Sherman in inflicting violence upon Plaintiff was willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for their rights, amounting to an abuse of power that shocks the conscience.

35. As a result of the excessive force inflicted by Defendant Officer Sherman, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT II

### 42 U.S.C. § 1983 – Unlawful Seizure/ False Arrest

36. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

37. Under 42 U.S.C. §1983, a person who, acting under the color of state law, deprives another person of his federal constitutional rights is liable to the injured party,

38. The actions of Defendant Sherman described above, whereby he knowingly seized Plaintiff, without probable cause or any other justification constituted deliberate indifference to her rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a result of the illegal seizures, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and anguish.

40. The actions of Defendant Sherman were objectively unreasonable and undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this court deems equitable and just.

## COUNT III

### 42 U.S.C. §1983 – Due Process Claim

41. Plaintiff re-alleges and reincorporates all previous paragraphs.

42. Under 42 U.S.C. §1983, a person who, acting under the color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

43. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law. Defendant Sherman and unknown officers or agents of the Village of Wheeling and Township High School District 214's conduct violated Plaintiff's right to due process.

44. Beginning on October 11, 2012, Defendants expressly or impliedly formed an agreement amongst themselves to deprive Plaintiff of her constitutionally protected rights to be free from false arrest, to have her due process rights and to have a fair trial, as guaranteed by the United States Constitution.

45. Defendant Officer Sherman testified falsely, stood by false police reports that he knew prosecutors would rely upon, and continued to pursue false criminal charges against Plaintiff.

46. Further, Defendants destroyed or altered the video tape of the incident which, upon information and belief, contained footage of the incident at issue.

47. Said suppressed, exculpatory evidence includes, but is not limited to, false reports and false testimony at trial and the destroyed or altered surveillance video.

48. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice and deprive Plaintiff of due process of law.

49. As a result of this conspiracy to deprive Plaintiff of his constitutional rights, Plaintiff was injured, including loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, reasonably attorneys' fees, costs, and expenses, and such other additional relief that this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. Civil Conspiracy to Interfere with the Rights of Plaintiff

50. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

51. Defendant Officer Sherman and Unknown Township School District Employees, expressly or impliedly formed an agreement to suppress evidence by destroying and/or altering the video surveillance footage of the incident at issue in violation of K.C's constitutional rights.

52. In furtherance of this conspiracy, Defendants agreed to fabricate and conceal material evidence, testify falsely, destroy or hide exculpatory evidence, harass and intimidate Plaintiff by arresting her without probable cause in pursuing the charges filed against her.

53. Specifically, Defendants took the following acts in furtherance of this conspiracy: fabricated police reports; relied on, or made, sworn, false statements to fabricate probable cause to charge Plaintiff with disorderly conduct, mob action and resisting arrest.

54. Furthermore, Defendant took the acts set forth supra, in Paragraphs 1-30 of this Complaint, in furtherance of their agreement to deprive Plaintiff of her due process right to be free from false arrest and/or illegal seizure and right to a fair trial.

55. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendants.

56. As a result of this conspiracy to deprive Plaintiff of her constitutional rights, Plaintiff was injured, including loss of liberty, legal fees, trauma, mental distress, physical damages and severe emotional damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT V

### Illinois Law Civil Conspiracy to Interfere with the Rights of Plaintiff

57. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

58. Defendant Officer Sherman and Unknown Township School District Employees, among themselves, expressly or impliedly formed an agreement to suppress evidence by destroying and/or altering the video surveillance footage of the incident at issue in order to cover-up Officer Sherman's illegal arrest of Plaintiff and the excessive force used upon her.

59. In furtherance of this conspiracy, Defendants agreed to fabricate and conceal material evidence, testify falsely, destroy or hide exculpatory evidence, and harass and intimidate Plaintiff by arresting her without probable cause and suppressing exculpatory evidence.

60. Furthermore, Defendants took the acts set forth supra, in Paragraphs 1-30 of this Complaint, in furtherance of their agreement to maliciously prosecute Plaintiff.

61. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendants.

62. As a result of this conspiracy to deprive Plaintiff of her rights under Illinois law, Plaintiff was injured, including loss of liberty, legal fees, trauma, mental distress, physical damages and severe emotional damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

### State Claim – Assault

63. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

64. Acting under color of law, Defendant Officer Sherman denied Plaintiff's rights by assaulting her.

65. Plaintiff believed that she was in danger of being battered by the Defendant Officer.

66. Plaintiff's belief of an imminent battery was reasonable.

67. Any reasonable person would also have become apprehensive in the face of the Defendant Officer's threatening conduct.

68. Defendant Sherman's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiffs demands judgment against Defendant Sherman, the Village of Wheeling and Township High School District 214, jointly and severally, for compensatory damages, punitive damages, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Claim – Battery

69. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

70. Without the consent of Plaintiff, Defendant Officer Sherman intentionally, harmfully, and offensively touched Plaintiff by using excessive force on her.

71. Defendant Officer Sherman's conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Sherman, the Village of Wheeling and Township High School District 214, jointly and severally, for compensatory

damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VIII

### State Claim - Malicious Prosecution

72. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

73. Defendant Officer Sherman knowingly and maliciously caused criminal charges to be filed and prosecuted against Plaintiff.

74. There was no probable cause for the institution of criminal charges against Plaintiff.

75. Defendant Officer Sherman facilitated this malicious prosecution by creating false police reports and misleading officers into believing that there was probable cause to prosecute Plaintiff, and by providing false testimony.

76. Plaintiff was injured, including loss of liberty, emotional damage, legal fees, lost wages, trauma, humiliation, mental distress, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Sherman, the Village of Wheeling and Township High School District 214, jointly and severally, for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT IX

### State Claim- Abuse of Process

77. Plaintiff re-alleges and incorporates all previous paragraphs.

78. Defendant Officer Sherman filed or caused to be filed the criminal complaint charging Plaintiff for the purpose of covering up his excessive force.

79. In furtherance of Defendant's unlawful purpose, Defendant Sherman fabricated reports, testimony and other evidence in order to prosecute Plaintiff for a crime she did not commit.

80. The actions of Defendant Sherman constituted a violation of the criminal courts process in that he withheld information from the Assistant State's Attorney for the Office of the Cook County State's Attorney.

81. The conduct proximately caused Plaintiff to be criminally prosecuted and proximately caused Plaintiff to suffer severe emotional harm.

82. This conduct was done within the scope of the individual Defendant's employment, and as such, the Village of Wheeling and Township High School District 214 is liable under the legal theory of *Respondeat Superior*.

83. As a result of Defendant's misconduct, Plaintiff was injured, including emotional and physical damage, trauma, legal fees, humiliation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Sherman, the Village of Wheeling and Township High School District 214, for compensatory damages, punitive damages, costs, medical expenses, and such other additional relief that this Court deems equitable and just.

## COUNT X

### Negligent Spoliation of Evidence

84. Plaintiff re-alleges and incorporates all previous paragraphs.

85. Defendant Township School District 214 had in its possession four surveillance video tapes that contained footage of the incident between K.C. and Defendant Officer Sherman.

86. Each of the four video tapes contained footage that was material and relevant to the charges filed against K.C. and potentially exculpatory in nature.

87. Upon information and belief, some of the footage was destroyed and/or altered prior to the commencement of the instant action.

88. Defendant Township School District 214 owed a duty to Plaintiff not to engage in a conspiracy to destroy, alter or conceal such footage.

89. Defendant Township School District 214 breached its duty to preserve the footage in its original form by destroying, altering or concealing the same.

90. Because criminal charges were pending against K.C., it was foreseeable to a reasonable person in the position of the District, that the footage constituted evidence which was material to the criminal proceedings as well as potential civil litigation.

91. As a direct and proximate result of Defendant Township School District 214's destruction and/or alteration of the surveillance video, Plaintiff has suffered damages in the form of emotional and mental distress stemming from the ongoing criminal proceedings.

WHEREFORE, Plaintiff demands judgment against Defendant Township High School District 214, for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

## COUNT XI

### Indemnity Claim - 745 ILCS 10/9-102

92. Plaintiff re-alleges and incorporates all previous paragraphs.

93. Defendant Village of Wheeling and Township High School District 214 are the employers of Defendant Officer Sherman and Defendant Unknown Township High School District 214 Employees.

94. Defendant Officer Sherman and Defendant Unknown Township High School District 214 Employees committed the acts alleged above under color of law and in the scope of their

employment as employees of the Village of Wheeling and Township High School District 214.

95. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

96. As a proximate cause of Defendant Sherman's and Defendant Unknown Township High School District 214 Employees' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officer Sherman and/or Defendant Unknown Township High School District 214 Employees be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant Village of Wheeling and Township High School District 214 be found liable for any compensatory judgment Plaintiff obtained against said Defendant, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT XII

### *Respondeat Superior* Liability for State Law Claims

97. Plaintiffs re-allege and incorporate all previous paragraphs.

98. Defendant Village of Wheeling and Township High School District 214 are the employers of Defendant Sherman and Defendant Unknown Township High School District 214 Employees.

99. Defendant Village of Wheeling and Township High School District 214 are liable for its employees' actions under the doctrine of *respondeat superior*.

100. The acts of Defendant Officer Sherman and Defendant Unknown Township High School District 214 Employees described in the state law claims specified above were willful and wanton and committed in the scope of his employment as an employee of the Defendant Village of Wheeling and Township High School District 214.

101. As a proximate cause of Defendant Officers Sherman's and Defendant Unknown Township High School District 214 Employees' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officer Sherman and/or Defendant Unknown Township High School District 214 Employees be found liable on one or more of the state law claims set forth above, Plaintiff demands that Defendant Village of Wheeling and Township High School District 214 be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

Plaintiff, PATRICE BOOTHE, as next friend of K.C.

By One of HER Attorneys:

s/ Mary J. Grieb

Mary J. Grieb
The Shiller Preyar Law Offices
1100 W. Cermak Rd., Suite B40
Chicago, Illinois 60608